UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL ANTHONY BULLABOUGH,

   Plaintiff,

v.                                        Case No. 3:22cv2036-MCR-HTC

CORIZON HEALTH CARE and
 OKALOOSA COUNTY DEPARTMENT OF
 CORRECTIONS,

   Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Anthony Bullabough, a pre-trial detainee, initiated this action by filing a *pro se* civil complaint pursuant to 42 U.S.C. §1983 based on an alleged slip and fall incident at the Okaloosa County Jail. ECF Doc. 1. Plaintiff's complaint was not accompanied by a motion to proceed *in forma pauperis* or the Court's filing fee. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Upon reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE as malicious

because Plaintiff failed to truthfully disclose his litigation history and because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee, and has not shown that he is under imminent danger of serious physical injury.

## I.   FAILURE TO TRUTHFULLY DISCLOSE PRIOR LITIGATION

As an initial matter, Plaintiff did not truthfully disclose his complete litigation history and failed to disclose that he has had at least three (3) cases dismissed as a strike. While not on this Court's official complaint form, Plaintiff's complaint contains similar sections, including a previous lawsuit section. ECF Doc. 1. Section IV., titled "Previous Lawsuits," contains four (4) subsections. Subsection A, asks Plaintiff to identify other actions in state court which are based on the same or similar facts and issues. Plaintiff checked "No", indicating he had filed no such cases.

Subsection B, asks a similar question, but this time seeking the identification of suits filed in federal court. Plaintiff checked "Yes" to this question but identified only one suit against the Okaloosa County Department of Corrections. He did not identify this suit by case number or court. Subsection C, asks for the identity of any actions filed in either state or federal court related to the fact or manner of Plaintiff's incarceration. Plaintiff checked "No," indicating he had not filed any such cases. Finally, subsection D asks for any actions filed in federal court which was dismissed

as frivolous, malicious, failing to state a claim, or prior to service. Once again, Plaintiff checked "No" indicating he filed no such actions.

Plaintiff's representations to subsections C. and D., were not truthful. The Court takes judicial notice that Plaintiff filed the following four (4) cases in federal court, each of which related to the manner or fact of his incarceration and which were dismissed prior to service or for failure to state a claim.

> *Bullabough v. Watson, et al.*, 3:11cv639 (Western District of North Carolina) (§ 1983 action challenging Plaintiff's conviction dismissed pursuant to *Younger* abstention doctrine)
>
> *Bullabough v. Monroe, et al.*, 3:11cv670 (Western District of North Carolina) (§ 1983 malicious prosecution claim dismissed for failure to state a claim)
>
> *Bullabough v. Michael*, 3:12cv318 (Western District of North Carolina) (§ 1983 ineffective assistance of counsel claim dismissed for failure to state a claim)
>
> *Bullabough v. Michael*, 3:12cv599 (Western District of North Carolina) (§ 1983 ineffective assistance of counsel claim dismissed on *res judicata* grounds because of claim preclusion)

Each of the above cases bear Plaintiff's same name, Michael Anthony Bullabough, and the signatures in those cases are identical to Plaintiff's signature in this case. Additionally, Plaintiff's current inmate profile on the Okaloosa Department of Corrections website bears Plaintiff's same date of birth as Plaintiff's inmate profile on the Mecklenburg County Sheriff's website. Thus, there can be no doubt these cases were filed by Plaintiff and should have been disclosed. Plaintiff

Case No. 3:22cv2036-MCR-HTC

Case 3:22-cv-02036-MCR-HTC   Document 3   Filed 02/23/22   Page 4 of 8

Page 4 of 8

made these misrepresentations even though Plaintiff was expressly warned that "failure to disclose **all** prior civil cases may result in the dismissal of this case," *id.* at 5, and despite signing the complaint "under penalty of perjury", *id.* at 8.

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or

incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

## II. THREE-STRIKER STATUS

As an additional ground for dismissal, Plaintiff is also a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee, and has not shown that he is under imminent danger of serious physical injury.

Under the Prison Litigation Reform Act, Plaintiff is barred from proceeding *in forma pauperis*. 28 U.S.C. § 1915(g) specifically provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee *at the time he initiates his lawsuit*, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*,

259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

As set forth above, Plaintiff has had at least three (3) strikes: *Bullabough v. Monroe*, 3:11cv670 (dismissed for failure to state a claim); *Bullabough v. Michael*, 3:12cv318 (dismissed for failure to state a claim); and *Bullabough v. Michael*, 3:12cv599 (dismissed on *res judicata* grounds for claim preclusion)[1]. The only exception to the 3-strike rule is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff cannot rely on past conduct to establish imminent danger. Instead, Plaintiff must demonstrate he was in imminent danger of serious physical injury *at the time he initiated this proceeding*. *See Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court).

---

[1] *See Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("We agree with our sister Circuits that a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA"); *Harmon v. Webster*, 263 F. App'x 844, 845 (11th Cir. 2008) (affirming district court's dismissal of Plaintiff's complaint with as a strike where Plaintiff's claim was barred by *res judicata*).

Case No. 3:22cv2036-MCR-HTC

Plaintiff has failed to make that showing here. The entirety of Plaintiff's statement of facts is as follows:

> On 1/1/2022 I slipped in some water in the Okaloosa County Dept of Correction/Jail and I broke my right leg and I had to have reconstruction surgery on my right leg.

ECF Doc. 1 at 7.

Clearly, Plaintiff's complaint is based solely on past conduct and past incidents of harm. Indeed, Plaintiff alleges he has already been treated for his injuries, including having surgery. Plaintiff's complaint, therefore, is completely devoid of any real, ongoing threat of harm necessary to satisfy the imminent danger exception to § 1915(g). *See Almond v. Pollard*, 443 F. App'x 198, 200 (7th Cir. 2011) (noting that Plaintiff's "allegations about the slip-and-fall and kneeling in the shower concerned events too old to give rise to an inference of imminent danger").

Thus, this action should be dismissed on the additional ground that Plaintiff did not pay the full filing fee at the time he initiated this action. *See Vanderberg*, 259 F.3d at 1324.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g).

2. The clerk be directed to close this file.

At Pensacola, Florida, this 23rd day of February, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv2036-MCR-HTC